RECEIVED
IN LAKE CHARLES, LA.
NOV 10 2009
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20200-04 |
| VS. | : | JUDGE MINALDI |
| DAVID W. FONTENOT | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is a Motion for Return of Property [doc. 200]. In response, the Government filed a Motion to Dismiss and/or In The Alternative For Summary Judgment [doc. 202]. The defendant did not file a timely reply.

**Facts**

On March 30, 2006, pursuant to a written plea agreement, the defendant, David Fontenot, pleaded guilty to Count One of an indictment charging him with conspiracy to distribute methamphetamine [docs. 79-80]. On April 19, 2007, the defendant was sentenced to 120 months imprisonment [docs. 165, 168].

The defendant filed the instant motion entitled, "Motion for Return of Property," on August 31, 2009 under Fed.R.Crim.P. 41(g) seeking the return of $6,500.00 in U.S. currency. The United States of America is named as a party. The defendant seeks the return of the money.

Analysis

The defendant has filed a motion seeking the return of property under Fed.R.Crim.P. 41(g). In response to the defendant's motion, the United States filed a motion to dismiss pursuant to

Fed.R.Civ.P. 12(b)(1) and 12(b)(6), and in the alternative, motion for summary judgment under Fed.R.Civ.P. 56.

The evidence introduced by the Government indicates that the money listed by the defendant was forfeited to the State of Louisiana on March 8, 2006.[1] Because of this forfeiture, the government submits that this Court does not have jurisdiction to consider the defendant's motion.

A post-conviction Rule 41(e) motion will be treated as a civil equitable proceeding for the return of the property in question. *See United States v. Taylor*, 975 F.2d 402, 403 (7th Cir.1992). An evidentiary hearing is not a prerequisite for a ruling on every Rule 41(g) motion. *United States v. Albinson*, 356 F.3d 278, 281-82 (3d Cir.2004). In interpreting the requirements of Rule 41(g), the rule only directs a district court to "receive evidence on any factual issue necessary to decide the motion." *Id.* (quoting Rule 41(g)). In doing so, "affidavits or documentary evidence ... may be sufficient to support a fact finder's determination." *Id.* at 282.

Where no criminal proceeding is pending, a district court has discretion to hear a motion for the return of property as a civil equitable proceeding. *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir.2005). Courts should exercise "caution and restraint" before assuming jurisdiction over such a motion and they must consider four specific factors to determine if jurisdiction is warranted. *Id.* (quoting *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir.1993)); *Kardoh v. United States*, 572 F.3d 697, 700 (9th Cir. 2009).

"[B]efore a district court can reach the merits of a pre-indictment [Rule 41(g)] motion," the district court must consider whether: (1) "the Government displayed a callous disregard for the constitutional rights of the movant"; (2) "the movant has an individual interest in and need for the

---

[1] (Gov. Exh. A).

property he wants returned"; (3) "the movant would be irreparably injured by denying return of the property"; and (4) "the movant has an adequate remedy at law for the redress of his grievance." *Id.* at 324-25(citing *Richey v. Smith*, 515 F.2d 1239, 1243-44 (5th Cir.1975)). If the "balance of equities tilts in favor of reaching the merits" of the Rule 41(g) motion, the district court should exercise its equitable jurisdiction to entertain the motion. *Ramsden,* 2 F.3d at 326.

In the case at bar, there is no evidence that the Government displayed a callous disregard for the constitutional rights of Fontenot. Fontenot has no individual interest in and need for the property he wants returned as he voluntarily forfeited the property to the state. There is no evidence that the defendant would be irreparably injured by denying return of the property. Finally, Fontenot has an adequate remedy at law for the redress of his grievance as the Court of Appeals for the Fifth Circuit upheld the district court's denial of defendant's Rule 41(e) motion for equitable relief by affirming the district court's finding that once the government instituted forfeiture proceedings, those proceedings provided the defendant with an adequate remedy at law. *Industrias Cardoens, Ltda. v. United States*, 983 F.2d 49, 51-52 (5th Cir. 1993). All four factors weigh against reaching the merits of Fontenot's motion and this court will accordingly decline to exercise jurisdiction.

Accordingly, the Government's Motion to Dismiss will be granted and the Defendant's Motion for the Return of Seized Property will be denied.

Lake Charles, Louisiana, this __10__ day of November, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE